UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| M.T., *by her mother and next friend Victoria Tucker,* and R.J., *by her mother and next friend Raina Jones*, | ) ) ) | |
| Plaintiffs, | ) | No. 3:13-cv-00171-JMS-WGH |
| *vs.* | ) ) | |
| EVANSVILLE VANDERBURGH SCHOOL CORPORATION, | ) ) | |
| Defendant. | ) | |

## ORDER

Presently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 6.] For the reasons that follow, Defendant's Motion to Dismiss is **DENIED**.

### I.
#### STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will likely be found sufficient under the plausibility requirement if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Alternatively, a plaintiff's claim will be found insufficient if he "plead[s] facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). When evaluating the sufficiency of a complaint for the purposes of a Motion to Dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-movant's] favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

## II.
### BACKGROUND

As required by the standard of review, the Court draws the relevant facts from Plaintiffs' Complaint.  Plaintiffs M.T. and R.J. are two high school sophomores, each of whom attends a different school operated by Defendant Evansville Vanderburgh School Corporation (the "School Corporation").  [Dkt. 1 at 1 ¶ 1.]  Both Plaintiffs are physically impaired, and both require service animals to accompany them on account of these impairments.  [*Id*.]  M.T. has a "severe case of diabetes" and relies on her service dog to detect "any significant change in her blood sugar level."  [*Id.* at 12-13 ¶¶ 41-42.]  R.J. has a "rare mitochondrial disorder that causes both epilepsy and mobility impairment."  [*Id.* at 16 ¶ 57.]  She relies on her service dog to "assist [her] with mobility and with balance" and to assist her if she has a seizure.  [*Id*. at 16 ¶ 58.]

Plaintiffs allege that their parents reported to their respective schools in May 2013 that service animals would accompany Plaintiffs to school.  [*Id.* at 13 ¶ 43, 17 ¶ 59.]  They further allege that, on or around the first day of school (months after the parents had contacted the schools), the schools presented their parents with a copy of their newly enacted policy regarding service animals (the "Policy").  [*Id.* at 13 ¶ 45, 17 ¶ 61.]  According to Plaintiffs, the Policy placed special burdens on students with service animals.  [*See, e.g.*, *id.* at 6-9 ¶ 18-27.]  The School Corporation later amended the Policy in response to concerns expressed by M.T.  [*Id.* at 10 ¶ 29.]  The amendments "revised or eliminated several requirements" included in the Policy, but still imposed various requirements on individuals wishing to have their service animal accompany them to school.  [*Id.* at 10 ¶ 30.]

Plaintiffs maintain that, the amendment notwithstanding, the Policy continued to impose special burdens on them, including a requirement that they provide documentation to the school board "at least 10 business days prior to bringing the service animal to school."  [*Id*. (emphasis

omitted).] Because of the Policy, Plaintiffs allege that they were forced to attend school without their service animals. [*Id.* at 2 ¶ 3.] Specifically, Plaintiffs allege that R.J. attended school unaccompanied by her service animal for two days, and the animal's absence "caused her great pain." [*Id.*] However, following the insistence of R.J.'s mother, R.J. was permitted to bring her service animal to school in contravention of the Policy. [*Id.*] As to M.T., Plaintiffs allege that she was not permitted to bring her service animal to school from at least August 14, 2013, through August 29, 2013. [*Id.* at 15 ¶ 50.]

Plaintiffs have brought claims against the School Corporation under both the American Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12101) and the Rehabilitation Act of 1973 (29 U.S.C. § 794), [*id.* at 3 ¶ 7], and seek several forms of relief, [*id.* at 21]. In response, Defendant filed the instant Motion to Dismiss, seeking dismissal of all Plaintiffs' claims. [Dkt. 6.]

### III.
#### DISCUSSION

Defendant contends that Plaintiffs' claims should be dismissed under Federal Rule of Procedure 12(b)(6) for failure to state a claim for which relief can be granted. [Dkt. 7 at 2-3.] Specifically, Defendant asserts that, under the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400), Plaintiffs must exhaust their administrative remedies before bringing other claims regarding educational services. [*Id.* at 3.] Plaintiffs respond that dismissal is inappropriate for several independent reasons: (1) IDEA exhaustion is not required because they do not seek, and are unlikely to qualify for, relief available under the IDEA, [dkt. 12 at 5-10]; (2) IDEA's exhaustion exception for challenges to policies or practices of general applicability applies, [*id.* at 13-17]; (3) IDEA's exhaustion exception for emergency situations applies, [*id.* at 17-19]; and (4) Defendant's exhaustion argument is an affirmative defense that cannot be the ba-

sis for Rule 12(b)(6) dismissal at this stage of the litigation, [*id*. at 19-20.]  In the end, the Court agrees with Plaintiffs' fourth argument and does not address the other three.

As a general rule, individuals seeking relief available under the IDEA must first exhaust their administrative remedies before bringing their claims in federal court. *See Charlie F. by Neil F. v. Board of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996) ("Any pupil who wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute.").  An individual's failure to first exhaust their administrative remedies is "normally considered to be an affirmative defense" and is treated as such in the IDEA context. *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (treating IDEA exhaustion as an affirmative defense); *see Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[M]ost courts view failure to exhaust as an affirmative defense.").  Plaintiffs need not "anticipate, and attempt to plead around" affirmative defenses in their complaint. *Davis v. Ind. State Police*, 541 F.3d 760, 763 (7th Cir. 2008).  Because of this, "the earliest possible time to consider [the affirmative defense of failure to exhaust] would be after the answer has been filed, if it is possible to decide the issue through a Rule 12(c) motion for judgment on the pleadings." *Mosely*, 434 F.3d at 533.  An exception to this, however, does exist—namely, when "the existence of an affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Based on the foregoing, the Court agrees with Plaintiffs' that Defendant's Rule 12(b)(6) Motion to Dismiss based on Plaintiffs' alleged failure to exhaust their administrative remedies is premature.  This alleged failure is an affirmative defense that need not be "plead around" in their

Complaint, *Davis*, 541 F.3d at 763, and thus Plaintiffs' Complaint cannot be dismissed on this basis at this juncture, *Mosely*, 434 F.3d at 533.

Defendant makes a perfunctory attempt to demonstrate that the exception described above applies, asserting that Plaintiffs' failure to exhaust their administrative remedies is "clear on the face of their . . . complaint."[1] [Dkt. 15 at 8.] But Defendant does not point to any specific allegation, nor even a specific page or paragraph, of the Complaint that makes this clear. [*See id.*] Indeed, the Court's independent review of the Complaint reveals that the Complaint is silent with respect to exhaustion. This silence, of course, cannot be construed as an affirmative recognition of a failure to exhaust given that Plaintiffs have "no obligation to allege facts negating an affirmative defense in [their] complaint." *Mosely*, 434 F.3d at 533.

Accordingly, because "there is nothing on the face of [Plaintiffs'] complaint that compels a conclusion that [they] failed to exhaust," *id.*, dismissal is inappropriate at this stage of the litigation, and Defendant's Motion to Dismiss must be denied.

## IV.
### CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss, [dkt. 6], is **DENIED**.

11/01/2013

                                               *[signature]*
                                               Hon. Jane Magnus-Stinson, Judge
                                               United States District Court
                                               Southern District of Indiana

---

[1] Defendant also contends that "[w]aiting to dispose of this issue until after [it] files an answer[] would only serve to prolong [the case's] resolution." [Dkt. 15 at 8.] This very well may be true, but it does not bear on the Court's decision given that the result reached by the Court is dictated by Seventh Circuit precedent.

**Distribution via E.C.F.**

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Allyson Rebecca Breeden
ZIEMER STAYMAN WEITZEL & SHOULDERS
abreeden@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com